[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11 2007
THOMAS K. KAHN
CLERK

No. 06-14705

_____

D. C. Docket No. 05-02359 CV-BBM-1

NORTHWEST PACKING CO.,

Plaintiff-Appellant,

versus

ACE AMERICAN INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 11, 2007)**

Before DUBINA and BLACK, Circuit Judges, and RESTANI,*Judge.

PER CURIAM:

_____

*Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

This appeal concerns the interpretation of an insurance contract. Appellant, Northwest Packing Company ("Northwest"), plaintiff in the underlying diversity action, challenges the district court's decision to reverse its earlier decision granting Northwest's motion for summary judgment and, on reconsideration, grant instead the cross-motion for summary judgment filed by appellee, Ace American Insurance Company ("Ace").

The controversy involves the interpretation of the exception to the exclusion from coverage damages caused by vermin, which provides that if an excluded loss is caused by a "covered cause of loss," then it also is covered. More specifically, Northwest argues that "negligence" is a "covered cause of loss," and, therefore, the exception applies because it was Southland Bonded Warehouses, Inc.'s negligence that permitted the rat infestation to occur.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we reject Northwest's interpretation of the contract. Moreover, we accept the district court's interpretation that "negligence" is a condition precedent under the contract. "Negligence" itself is not a "covered cause of loss." A "covered cause of loss" is a fire or some other event that causes damage. According to the terms of the policy, negligence must cause the event if coverage is to lie, but it is not negligence itself that is the "covered cause of loss."

Accordingly, we affirm the district court's grant of summary judgment in favor of Ace.

**AFFIRMED.**